DETROIT CONVEYOR & STEEL CORPORATION *v.* MILBRAND.

1. PLEADING—IMPLIED WARRANTY—EXPRESS WARRANTY.
   No warranty may be implied where declaration is based on an express guarantee.

2. APPEAL AND ERROR—FINDING OF TRIAL COURT—EVIDENCE—ROOF REPAIR—EXPRESS WARRANTY.
   Trial court's finding that defendant's $210 job on plaintiff's roof and which satisfactorily met requirements for 2 years was a repair job and that plaintiff had failed to prove defects of material and workmanship *held*, supported by evidence presented in action for alleged breach of an 8-year express guarantee against all defects of material and/or workmanship.

Appeal from Wayne; Noe (Alton E.), J., presiding. Submitted June 4, 1958. (Docket No. 20, Calendar No. 47,217). Decided October 13, 1958.

Action by Detroit Conveyor & Steel Corporation, a Michigan corporation, against Otto Milbrand, Phyllis Milbrand and Alice Milbrand, copartners doing business as Milbrand Maintenance Company, for breach of warranty in respect to roofing job. Judgment for defendants at close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Sosin & Lasky,* for plaintiff.

*I. Ernest Sachs* (*I. R. Starr,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur, Sales § 334.

KELLY, J.   Plaintiff's declaration alleges:

(1) That defendants offered to install a new roof on plaintiff's factory using a certain brand of roofing material supplied by plaintiff;

(2) That defendants guaranteed material and workmanship against defects for a period of 8 years;

(3) That 2 years after installation the roof began to leak because of inadequate material and improper workmanship;

(4) That plaintiff was damaged in the amount of $5,325, consisting of $1,725 to repair the roof and $3,600 for rain damage to steel equipment stored in the building.

At the conclusion of plaintiff's proofs the trial court found plaintiff had failed to prove breach of express warranty and entered judgment against plaintiff.

The guarantee upon which plaintiff relied is contained in defendants' proposal of June 13, 1949, which provided:

"We propose to furnish and install:

"Confirming our quotation of June 8, we will brush clean the entire roof area of the above address and will cut and cement and properly roof in all loose or buckled areas with new roofing and plastic cement. The saddle as the sump rings will be re-roofed with a new ply of 15# felt. All flashing will be touched up and repaired and taped as was indicated to you. After this is done, we will spray coat the entire area with your Rufferseal material using all the material which you now have on hand. This material will be installed with a high pressure pump system and will be heated so that it will flow on in a neat and uniform manner, giving a smooth finish when completed. The application will be uniform throughout the entire area and you may rest assured that this will be the best way to apply this coating.

"Complete job for the sum of .............. $210.
"This roof then will carry our 8–year guarantee against any and all defects of material and/or workmanship.
"Milbrand Maintenance Co.
"Otto I. Milbrand.

> "For the sum of ........
> "Contract accepted: 6–14–49
> "Per: W. Hoesch."

Plaintiff contends that the words "guarantee against any and all defects of material and/or workmanship" mean to guarantee "a watertight roof for 8 years." Plaintiff endeavors to read into the contract an implied guarantee to this effect. Plaintiff's declaration is based on express guarantee, and, therefore, no warranty can be implied.

The court correctly decided that plaintiff did not prove defects of material and workmanship. Plaintiff's expert witness, Richard Brown, who was the only witness testifying on this point, establishes the court's conclusion in this regard. The court correctly decided that defendants' $210 job, which satisfactorily met requirements for 2 years, was a repair job. Brown's job, costing $1,725, consisted of building a new roof over the roof defendants had repaired.

Brown testified:

"*A.* Well it was my notion that Mr. Hoesch wanted a new permanent roof; so, the only thing I could do was to figure out a new roof applied over the old one. * * *

"*Q.* Well, to go back to my original question, were the repairs made by you necessary to effect a waterproof roof?

"*A.* You mean the work done by us?

"*Q.* Yes.

"*A.* From a permanent point of view they were. * * *

"*Q.* You mentioned the word specifications a moment ago. For a roof of this slope, would you say that the work that had, that the roof as it was when you first examined it, was it properly installed for that type of slope?

"*A.* The roll roofing that was there was installed as good as you could do that type of specification on so flat a roof. The trouble is the curling at the laps— the laps don't fit perfectly. That particular kind of roof is designed for a greater slope such as 2-inch to the foot or more.

"*Q.* When you say that particular kind of roof was designed for that kind of slope, what exactly do you mean?

"*A.* We are talking about the rolled roofing that was the finished surface of the roof as I first saw it, and that was the material that was lapped only 2 inches.

"*Q.* Should it have been lapped more than 2 inches, in your opinion?

"*A.* That particular piece of roofing is not designed to lap more than 2 inches. So, it was lapped in a way it was designed for, but the fact that the roof deck is so flat that water had a tendency to lie on it, and therefore, would back up in these openings in the laps.

"*Q.* What kind of roof should have been put on this kind of sloping roof?

"*A.* On a flat roof such as that, we always recommend a gravel-surfaced roof.

"*Q.* That is what you ultimately did?

"*A.* Yes, sir."

Appellant claims that the trial court erred in considering the equities of the parties. We agree that considering the equities of the parties no other decision could have been reached.

We further find that applying principles of law the trial judge properly entered judgment for defendants.

Affirmed, costs to appellees.

CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with KELLY, J.

DETHMERS, C. J., concurred in the result.